GEORGE F. BOLEN, APPELLANT, *v.* MARY A. BOLEN, RESPONDENT.

*Agreement between husband and wife to discontinue an action for divorce and resume marital relations — right of the husband to recover property transferred in consideration thereof to the wife, on her breach of the agreement.*

The defendant having left the residence of her husband, the plaintiff, and commenced an action against him for a divorce on the ground of his adultery, an agreement was entered into between them by the terms of which the action was to be settled and discontinued, and the defendant was to return to her husband and live with him and a son of his and perform her duties as his lawful wife and the husband agreed to, and thereafter did, execute and deliver to a third person a bond and mortgage for $8,000 for the use of the defendant, which was to be, and was, assigned to her. The defendant returned to the residence of the husband, but refused to permit the return of the son thereto, and left the house when he was brought to it. The husband thereupon brought this action to procure the bond and mortgage to be canceled and surrendered.

*Held*, that he was entitled to the relief sought.

*Bucklin* v. *Bucklin* (1 Abb. Ct. App. Dec., 242) explained and distinguished.

APPEAL from a judgment dismissing the complaint, entered in Kings county upon the trial of this action by the court without a jury.

*Joseph A. Shoudy*, for the appellant.

*Kelly & Macrae*, for the respondent.

DYKMAN, J.:

The plaintiff and defendant were married in August, 1884, and in May, 1885, the defendant took her departure from the residence

of her husband and commenced an action against him for a disso-lution of the matrimonial bonds between herself and her husband, for certain unlawful acts on his part, which were charged in the complaint. A settlement and discontinuance of that action was effected, by the terms of which the defendant undertook to return to her husband and live with him, and perform her duties as his lawful wife. The plaintiff was to be allowed to keep his boy, George Bolen, in his house and family as a member thereof. The plaintiff was to and did execute and deliver to a third person, a bond and mortgage for the payment of $3,000 for the use of the defendant, which was to be and was assigned to her, and she now holds the same. The defendant returned to the residence of her husband, but refused to permit the return of the boy, and threatened to leave the plaintiff's house as soon as the child was brought there to reside, and finally, when he was brought to the house to live, she executed her threat and left her home, and persists in her refusal to return and live with the plaintiff as his wife. Thereupon this action was commenced to procure the cancellation and surrender of the bond and mortgage. Upon the trial the complaint was dis-missed, without costs, and now the plaintiff has appealed from the judgment.

The decision at Special Term was dictated by the case of *Buck-lin* v. *Bucklin* (1 Abb. Ct. App. Dec., 242), which was held there to be a controlling authority; but our examination of that case leads us to no such conclusion. On the contrary, we find but little similarity between these two cases. In the case cited, for the pur-poses of a compromise of a controversy between husband and wife, and to arrest the prosecution of an action commenced by the wife against her husband for a judicial separation and a separate main-tenance for herself and her infant daughter, the husband agreed to make provision for the support of his wife and the infant child, together, separate from himself, and convey a house and lot to the child within six months. To effectuate such settlement, the mort-gage involved in that action was executed by the husband to Vedder Green, in trust for the wife and infant daughter, reciting the settle-ment and its terms, and after providing for the wife and daughter, pursuant to the terms of the compromise, the following language was employed: " Now, for the purpose of securing the perform-

ance by the said William of the aforesaid agreement and covenant on his part to be performed, this indenture witnesseth." Then one of the provisions of the mortgage was that the husband, within six months, should convey to the infant daughter real property of the value of $1,000, and that if the conditions were broken and it became necessary to enforce the mortgage, the amount recovered thereon should be for the benefit of the wife and infant daughter. The husband performed his agreement so far as the wife was concerned, until her death, but failed to convey the real property to the daughter, and after the death of her mother she commenced an action to foreclose the mortgage for the sum of $1,000, and the Court of Appeals held and decided that, so far as the mortgage was sought to be enforced, it was created to secure to the plaintiff, when an infant child, a portion of her father's property to aid in her maintenance during her infancy, and to furnish her with a small independent estate in real property. And the court further held, in accord with a long line of decisions, that where the rights of creditors did not intervene, as they did not in that case, it was perfectly lawful for a parent to make such a provision out of his estate for a child or children by present gift, and that an executed gift of that character was as valid and effectual as though based upon a full pecuniary consideration.

This lengthy abstract of that case has been made to show plainly that it, the decision, was based upon principles that have no application to this action. This plaintiff never undertook to make any pecuniary provision for his wife and never was under any legal obligation to do so. She never, so far as we know, made any claim against him for a separate maintenance or for anything of a pecuniary value. If she had a cause of action against him for an absolute divorce it rested in right only, and was founded upon his misconduct which she might condone and sweep away, and which, if forgiven, formed no basis for a money demand.

The settlement was made by the plaintiff to secure the return of his wife and the restoration of his family under one roof, and the mortgage had that consideration and no more, and the condition of its execution was the return of his wife and her continuance at his home, and her performance of her duties there as his lawful wife. She has refused to perform her portion of that agreement and vio-

lated that condition upon which she received the mortgage. There is nothing to indicate an intention on the part of the plaintiff to make a donation of the bond and mortgage to his wife, and nothing to show that the discontinuance of the action was the consideration for their execution. On the contrary, it plainly appears that the procurement of the agreement and consent of the wife to the return of the boy was the chief inducement to the execution and delivery of the securities, and it would be extremely unjust and plainly inequitable to permit the defendant to retain and enjoy the fruits of a contract which she repudiates and violates and refuses to perform.

The contract between the parties was that the defendant should return to her loyalty and perform the duties of a wife to the plaintiff for all time during her life, and permit his son to remain under his roof and constitute a member of his family, and also discontinue her action which the plaintiff alleges, without contradiction, was baseless; and for all that, the defendant was to execute the mortgage in question. He has performed and she has not, and without performance she cannot retain the mortgage. Upon the facts found by the trial judge the plaintiff was entitled to the relief he sought, but it cannot be administered upon this appeal.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., and PRATT, J., concurred.

Judgment reversed and new trial granted; costs to abide event.